LLOYD McFADDEN v. THE STATE.

No. 12955.   Delivered January 22, 1930.
Rehearing denied February 26, 1930.
Reported in 24 S. W. (2d) 835.

The opinion states the case.

*M. E. Gates* of Huntsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, five years in the penitentiary.

There is but one bill of exceptions, which is qualified by the statement of the trial judge that he later admitted the testimony, rejection of which was complained of in the bill.

It is urged that the testimony is insufficient, for that it shows appellant to have been the agent of the alleged purchaser. Appellant did not testify. The purchaser swore that he went to appellant's home to buy whisky from appellant, who told him that he did not have any but knew where he could get it. They drove to the house of one Holmes, and appellant went in and returned with Holmes and four gallons of whisky which they put in the car. Witness did not know Holmes at the time. He and appellant drove back to the house of appellant where witness said he bought from appellant eighteen pints of whisky, paying a dollar for each pint. He did not buy from appellant all that was gotten from Holmes. Witness testified that he and another man named Smith, who was a convict, went to appellant's house on the occasion in question; that he was dressed like a convict, and they were in a State car belonging to the prison system. He said they told appellant they were bootlegging to the penitentiary and wanted to buy some whisky. He testified that on another occasion he had gone to appellant and used him to "get up to" one Jack Rogers, in order to get liquor from Rogers and have him pros-

ecuted therefor. He further testified that he had no intention on the occasion in question of using appellant "to get up to" Holmes, and that he thought appellant was unconscious of the fact that he was using him to try to get up to Jack Rogers on the other occasion inquired about.

There is no testimony that the alleged purchaser paid to appellant any money for Holmes, or that he gave appellant any money to deliver to Holmes in exchange for whisky for the said purchaser. The purchaser testified that he went to appellant's house to buy whisky from him, and that he bought it and paid for it. There are some suggestions in the testimony to the effect that appellant was merely accommodating the witness. The trial court instructed the jury that if they found from the testimony that appellant was the agent of Crittenden, the purchaser, in purchasing said intoxicating liquor, or if the jury had a reasonable doubt thereof, they should acquit the defendant, and unless they believed from the evidence beyond a reasonable doubt that defendant made the sale alleged to Crittenden, they should acquit. The question of agency or not is one of fact for the jury. This question seems to have been submitted to them in a way that was satisfactory to the accused, and they have resolved the issue against appellant. We appreciate the argument of appellant's attorney to the effect that the penalty is severe. The testimony shows that appellant lives near one of our penal institutions where a large number of men are incarcerated in the State penitentiary. It shows that on two occasions at least he aided a man who was a stranger to him in procuring liquor, which he was led to believe was for ultimate sale to prisoners. This may have influenced the jury. The verdict while inflicting a heavy penalty, was within the prohibitions of the statute, and we are not prepared to say the jury were not justified in their conclusion.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's case is one which turns solely on the facts. We are not authorized to reverse when the evidence supports the verdict. In our original opinion we mentioned that a witness testified that on the occasion under investigation he bought eighteen pints of whisky, paying one dollar per pint. The witness also said that he had bought whisky by the gallon from appellant for which he paid $5.00 per gallon.

The motion for rehearing is overruled.

*Overruled.*